JOSEPH HARRISON, PLAINTIFF-APPELLANT, v. LEO DALTON, DEFENDANT-RESPONDENT.

Argued April 2, 1951—Decided April 16, 1951.

*Mr. Walter P. Reilly* argued the cause for appellant. (*Messrs. Sanderson & Engel,* attorneys).

*Mr. Thomas F. Shebell* argued the cause for respondent. (*Mr. Stephen D. Maguire,* attorney).

PER CURIAM. The complaint alleged a willful and malicious assault by the defendant upon the plaintiff. The defendant in his answer denied these allegations and by counterclaim charged the plaintiff with a similar assault upon him.

The parties executed and filed a stipulation whereby the defendant agreed that judgment be entered against him in the sum of $750. Pursuant to this agreement, the defendant paid the plaintiff the sum of $290. When no further payments were forthcoming, the plaintiff's attorney prepared a writ of *capias ad satisfaciendum* directing the sheriff to seize the defendant and hold him until the $460 still due and owing was paid, and the defendant was accordingly seized and placed in custody.

A motion was made to quash the purported *capias*. Meanwhile, the plaintiff had applied to the court for another writ of *capias ad satisfaciendum,* which was issued pursuant to the court's order and served upon the defendant while he was still in custody on the first writ.

The court directed the dismissal of both writs, the first because it had been issued by an attorney without a court order and the second because of the court's finding that the facts did not warrant its issuance. The plaintiff appeals from the judgment dismissing the writs.

The statute governing the issuance of the writ, *R. S.* 2:27–341, specifically provides that it will issue only on order of the court. The issuance of the writ by the plaintiff's attorney was without statutory sanction and was invalid.

As to the second writ, there is nothing in the record justifying the conclusion that the plaintiff's injuries resulted from willful or malicious acts of the defendant, nor is there anything in the stipulation equivalent to such proof. The statutory prerequisite for the issuance of the writ has thus not been fulfilled by competent evidence and the dismissal was justified. We see no error.

The judgment is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.